the trustees distribute the estate in cash or in kind, or partly in cash or kind, "as may seem to said trustees to be for the best interest of the estate." It is argued that, under this provision, the trustees would have uncontrolled discretion to distribute the estate in cash or kind, and if they decided to distribute the estate in cash, it consisting entirely of stocks and bonds, it might amount to a confiscation. We think this contention is not warranted by the language of the decree. If the trustees should decide to distribute the estate in cash and a sale of the personal property would practically amount to a confiscation, we think their action would be subject to control by the court under the decree.

The decree of the Circuit Court of Cook county is affirmed in part, reversed in part and the cause remanded with directions to modify the decree in accordance with the views herein expressed.

*Affirmed in part, reversed in part and remanded with directions.*

---

### E. Hanecy, Appellee, v. F. P. Read, Appellant.

### Gen. No. 22,270.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed July 11, 1917.

### Statement of the Case.

Action by E. Hanecy, plaintiff, against F. P. Read, defendant, to recover $750 attorney's fees, together

with interest thereon.　From a judgment for plaintiff for $907.29, defendant appeals.

Jonas O. Hoover, for appellant.

William A. Rogan, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 438*—*necessity of pointing out variance in trial court.* Where a particular variance is not pointed out in the trial court it is not subject to review.

2. Account stated, § 7*—*when created.* An account stated is created where repeated promises to pay a claim are made at different times.

3. Attorney and client, § 136*—*what are questions for jury in action for services.* In an action by one attorney against another for services in a case in which the second attorney was a party, *held,* on conflicting evidence, that whether plaintiff had overcharged defendant and whether his fees were to be dependent upon the outcome of the action were questions for the jury.

4. Damages, § 244*—*when error in admission and exclusion of evidence as to wealth of defendant is cured.* Any error in allowing plaintiff's counsel, in an action by an attorney, for services, to examine defendant as to the amount of property owned by him, and in refusing to permit defendant to show the amount of incumbrance on the property, *held* to be cured where the court instructed the jury that such evidence was immaterial, and that the wealth or poverty of either parties could not be considered in arriving at their verdict.

5. Limitation of actions, § 79*—*when statute is tolled.* An action for services of an attorney is not barred because an action was not commenced within five years next after the cause of action accrued where the running of the statute is tolled by repeated promises to pay.

6. Trial, § 275*—*when special interrogatories are properly refused.* The trial court does not err in refusing to submit special interrogatories to the jury where such interrogatories were not submitted to opposing counsel, as required by Rev. St. ch. 110, sec. 79 (J. & A. ¶ 8616).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.